UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Johnson, <br><br>　　　　　Plaintiff, <br><br>　v. <br><br> Dynia and Associates, LLC; and DOES 1-10, inclusive, <br><br>　　　　　Defendants. | Civil Action No.: 1:16-cv-00867 <br><br> **COMPLAINT** |

For this Complaint, Plaintiff, David Johnson, by undersigned counsel, states as follows:

## **JURISDICTION**

1.　This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

3.　Plaintiff, David Johnson ("Plaintiff"), is an adult individual residing in Eldon, Missouri, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.　Defendant, Dynia and Associates, LLC ("Dynia"), is an Illinois business entity with an address of 4847 North Milwaukee Avenue, Suite 801, Chicago, Illinois 60630, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.　Does 1-10 (the "Collectors") are individual collectors employed by Dynia and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.	Dynia at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7.	Plaintiff allegedly incurred a financial obligation (the "Debt") to Amazon (the "Creditor").

8.	The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.	The Debt was purchased, assigned or transferred to Dynia for collection, or Dynia was employed by the Creditor to collect the Debt.

10.	Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Dynia Engages in Harassment and Abusive Tactics**

11.	In or around March 2015, Dynia began calling Plaintiff's work telephone number in an attempt to collect the Debt.

12.	On or about March 11, 2015, Plaintiff answered a call from Dynia. Plaintiff explained to Dynia that he was not allowed to receive calls at his place of employment and requested that Dynia cease all calls to his work telephone number.

13.	Nevertheless, Dynia continued to call Plaintiff's work telephone number in an attempt to collect the Debt.

**C. Plaintiff Suffered Actual Damages**

14.	Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

15.	As a direct consequence of Defendants' acts, practices and conduct, Plaintiff

suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Plaintiff at a place known to be inconvenient for Plaintiff.

18. Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants called Plaintiff at his place of employment, despite knowing that Plaintiff's employer prohibited such calls.

19. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass.

21. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

22. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

23. Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 20, 2016

           Respectfully submitted,

           By  */s/ Sergei Lemberg*

           Sergei Lemberg, Esq.
           LEMBERG LAW, L.L.C.
           43 Danbury Road
           Wilton, CT 06897
           Telephone: (203) 653-2250
           Facsimile:  (203) 653-3424
           Attorney for Plaintiff